IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANUEL ORNELAS,

    Petitioner,

vs.                           No. CIV 98-545 MV/LFG

TIM LeMASTER, Warden, et. al,

    Respondents.

## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Manuel Ornelas, currently confined in the Penitentiary of New Mexico located at Santa Fe, New Mexico, challenges the judgment and sentence entered by the Fifth Judicial District Court in *State v. Ornelas*, No. Cr. 96-31 Habitual (County of Lea, New Mexico). (Answer, filed June 26, 1998, Ex. A). A jury found Ornelas guilty of two counts of aggravated assault and one count of aggravated battery. In addition, Petitioner admitted to being a habitual offender with one prior conviction. He was sentenced to concurrent eighteen-month sentences for counts one and two, each enhanced by one year, and to three years for count three, enhanced by one year. The sentence for count three ran consecutive to those for counts one and two, for a total of six and a half years, to be followed by two years of parole. Petitioner appealed and the New Mexico Court of Appeals affirmed

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

his conviction on March 25, 1997. (Answer, filed June 26, 1998, Ex. E). On May 6, 1997, the New Mexico Supreme Court denied his petition for writ of certiorari. (Answer, filed June 26, 1998, Ex. G).

2. Petitioner raises the following grounds for federal habeas review:

<u>Ground One</u>: Insufficient evidence that Petitioner intended to hit the van.

<u>Ground Two</u>: Insufficient evidence to support the charge of aggravated battery.

<u>Ground Three</u>: The trial court abused its discretion by allowing testimony that it appeared Mr. Garcia was hit by a rock.

<u>Ground Four</u>: The trial court erred by finding that Ms. Patterson's statement "You better run he has a gun" was an excited utterance and not hearsay.

<u>Ground Five</u>: Ineffective assistance of counsel

<u>Ground Six</u>: Denial of access to courts

<u>Ground Seven</u>: The trial court erred by imposing separate sentences for counts one and two, which occurred at the same time, and for count three, which was the greater offense.

3. Respondent moves to dismiss the instant action because the petition contains exhausted and unexhausted claims. Respondent argues that grounds one through four were exhausted on Petitioner's direct appeal, but that he has not exhausted grounds five and six. Alternatively, Respondent submits that should the Court exercise discretion to consider the merits of the petition, the claims be dismissed with prejudice. Petitioner filed responses on August 3, 1998 and on November 16, 1998.

4. Turning first to Respondent's exhaustion argument, the Court finds that Petitioner has not fully exhausted all his grounds, and, therefore, Respondent's argument is well-taken. However, the Court may consider an unexhausted claim. The Court finds that the "interests of comity and federalism--as well as the conservation of overburdened judicial resources--are better served if the federal court addresses the merits of the habeas petition regardless of the petitioner's failure to exhaust the claim in state court." *Gaylor v. Harrelson*, 962 F. Supp. 1498 (N.D.Ga. 1997), *see also Hoxsie v. Kerby*, 198 F.3d 1239, 1243 (10th Cir.), *cert. denied*, 118 S. Ct. 126 (1997).

5. Because Petitioner filed his habeas petition on May 7, 1998, the Court applies 28 U.S.C. § 2254(d) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, No. Stat. 1214 (1996)(effective April 24, 1996).

6. Petitioner's first two grounds concern the sufficiency of the evidence to support his convictions. Sufficiency of the evidence claims are governed by *Jackson v. Virginia*, 443 U.S. 307 (1970). In *Fernandez v. Dufrian*, 11 F. Supp. 2d 407, 416 (S.D.N.Y. 1998), the Court described the analysis for this type of habeas claim:

> "[T]his inquiry does not require a court to `ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. (citation omitted).

> The jury is exclusively responsible for determining a witness' credibility. The role of this Court is clear: "`[f]ederal habeas courts are not free to reassess the fact specific credibility judgments by juries or to weigh conflicting testimony. On collateral review this court must presume that the jury resolved any questions of credibility in favor of the prosecution. (cite omitted).

The Court further instructed that with regard to specific intent claims:

> Commentators agree that it is seldom possible to present testimonial or direct evidence of an accused's state of mind. Intent as a separate item of proof does not commonly exist. Thus, whenever intent is an element of a crime, its existence must be inferred by considering the laws that generally govern human conduct. Because intent is formed in the mind in secrecy and silence and the human mind functions at a speed impossible to measure, a determination of whether a deliberate intent was formed must be drawn from all the circumstances of the case. Circumstantial evidence of this subjective fact is therefore indispensable. Circumstantial evidence is as persuasive as direct evidence. With each, trier of fact must use their experience with people and events to weigh probabilities.

7. Petitioner submits that there was not sufficient evidence that he intended to hit the van. Rather, he suggests that the victim wanted the vehicles to make contact. Petitioner posits the victim took her foot off the accelerator and braked. Petitioner claims he testified that he tried to stop. He also claims the passengers in the van, Ms. Patterson, his ex-wife and Mr. Garcia, were afraid, not of him, but of the accident.

8. New Mexico's Intermediary Court rejected this argument and found sufficient evidence to support the conviction. Evidence cited to included testimony that Petitioner rammed the van up to four times, Laura Patterson's statement she feared the Petitioner, Petitioner's own actions subsequent to the accident, and the testimony of Jerry Newcomb and Manual Garcia.

9. Applying AEDPA's deferential review to the state court's decision, the Court finds that Petitioner has not met the high burden AEDPA now requires. The Court's application of the facts

4

to the Jackson standard is not subject to debate among jurists.

10. The Court finds the same holds true with respect to Petitioner's second claim that there was not sufficient evidence to support a charge of aggravated battery. Petitioner claims the size rocks found near the crime scene were not dangerous weapons.

11. The New Mexico Court of Appeals rejected this contention. Applying AEDPA's deferential standard, the Court finds that the New Mexico Appellate court did not unreasonably apply the *Jackson* standard to the facts. There had been testimony by the victim that the rock was the size of a football and that he was hit on the leg and shoulder. Laura Paterson testified that Petitioner threw stones and that he had a large rock in his hand after Garcia fell.

Under New Mexico law, a deadly weapon includes any weapon that can inflict dangerous wounds. It was the province of the jury to determine whether a rock met this criteria. The jury found it did, and this Court may not substitute its judgment for that of the jury. In conclusion, grounds one and two are without merit and should be dismissed.

12. Petitioner, through grounds three and four, challenges two adverse evidentiary rulings. He contends the trial court abused its discretion by allowing lay testimony that it appeared the victim was hit by a rock. Petitioner argues that the witness was not an expert. Petitioner's second claimed error concerns the admission of the statement, "you better run he has a gun" as an excited utterance. Petitioner claims it was hearsay and should have been excluded.

13. The law is clear that "[i]n a habeas proceeding claiming a denial of due process, "we will not question the evidentiary or procedural rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair." *Mesa v. Thomas*, 46 F.3d 979, 987 (10th Cir. 1995)(quoting *Tapia v. Tansy*, 926 F.2d 1554, 1557 (10th

Cir.), *cert. denied*, 502 U.S. 835 (1991)). Here, a lay witness, Jerry Newcomb, offered his perception. The rules of evidence allow lay witnesses to testify about what they saw. The admission of this testimony did not render Petitioner's trial fundamentally unfair.

14. Petitioner correctly notes that Ms. Patterson's statement was hearsay. However, there are exceptions to the hearsay rule. NMRA 803(b) permits hearsay to be admitted into evidence if it is an excited utterance when it is shown that (1) a startling event has occurred; (2) the statement was made while the declarant was under the stress or excitement caused by that event, and, (3) the statement relates to the startling event. The Court finds that all three conditions were met and the admission of the statement did not violate petitioner's Sixth Amendment confrontation rights. The Court finds that grounds three and four are without merit.

15. Petitioner alleges that trial counsel was constitutionally ineffective by failing to mention that Petitioner was under the care of a psychiatrist, on anti-depressants, and incompetent. He further alleges that trial counsel failed to call vital witnesses at trial and at sentencing.

16. To state a claim for ineffective assistance of counsel, petitioner must show that counsel's performance fell below an objective standard of reasonableness and that counsel's inadequate performance was prejudicial. *Strickland v. Washington*, 466 U.S. 688, 687, 691 (1984). Petitioner points to no past history of mental problems that trial counsel neglected to discover. Indeed, it appears that trial counsel elicited a letter from a psychiatrist, Norman Duley, M.D., who opined that at no time when he saw Petitioner, he found him incompetent, psychotic or showing abnormalities indicative of incompetency. (Answer, filed June 26, 1998, Ex. J.) Being under the care of a mental health care professional does not per se render an individual incompetent.

6

Turning to Petitioner's other allegation, petitioner does not identify the "vital" witnesses trial counsel failed to call. Petitioner fails to set forth sufficient facts necessary to show that trial counsel fell below an objective standard of reasonableness or that he was prejudiced. This ground is without merit.

17. Petitioner, through ground seven, raises a double jeopardy challenge to his sentence. The Double Jeopardy Clause prohibits both successive prosecutions for the same offense and multiple punishments for a single offense. *See United States v. Dixon*, 113 S. Ct. 2849, 2855 (1993). Resolution of this claim turns on whether the New Mexico State Legislature has provided for multiple punishments in these circumstances. *See Yparrea v. Dorsey*, 64 F.3d 577, 579 (10th Cir. 1995). The Court finds that it does and there was no double jeopardy violation.

18. Lastly, Petitioner contends he has been denied access to the courts. This claim goes to the conditions of his confinement and should be addressed as a Section 1983 claim. Accordingly, ground six should be dismissed without prejudice.

## **Recommended Disposition**

1. That Respondent's Motion to dismiss be granted.

2. That grounds one, two, three, four, five and seven be dismissed with prejudice and ground six without prejudice.

_____
Lorenzo F. Garcia
United States Magistrate Judge

PETITIONER:
Manuel Ornelas, pro se

COUNSEL FOR REFSPONDENTS:
Elizabeth Major Blaisdell, Esq.